## CIRCUIT COURT OF FAIRFAX COUNTY

Merrifield Industrial Corp.

v.

Computer Sciences Corp.

July 19, 1989

Case No. (Law) 81735

By JUDGE WILLIAM G. PLUMMER

*Final Order*

This cause came on to be heard before the Court sitting without a jury on April 28, May 2, and May 3, 1988, upon presentation of evidence and testimony of the parties and other witnesses, and upon oral argument of counsel. Thereafter, counsel submitted authorities in written briefs to the Court in support of their respective positions. The claim of Merrifield for attorney's fees was argued following trial in the written briefs submitted by counsel.

The Court issued an Opinion Letter dated October 24, 1988, following which the defendant Computer Sciences Corporation (CSC) filed a Motion for Reconsideration. Argument on this Motion was held on Friday, January 13, and February 10, 1989. At the conclusion of the February 10, 1989, hearing, the Court granted CSC's motion in part and denied it in part. By letter dated February 28, 1989, CSC requested the Court to reconsider and reverse its ruling concerning attorney's fees and costs. On or about March 21, 1989, Merrifield filed a Petition to Rehear concerning the rent issue. These issues were noticed for

hearing on Friday, March 24, 1989, but the Court denied further oral argument.

The Court being of the opinion that certain rulings are proper and should be made, it is therefore, ordered as follows:

1. CSC's Motion for Reconsideration is granted in part and denied in part, for the reasons expressed from the bench on February 10, 1989, and as set forth below.

2. Although the initial term of the lease expired on December 31, 1981, Clause 26 set forth the agreement of the parties as to the rental of the holdover tenancy. Upon reconsideration of this issue, the Court finds that Merrifield's acceptance of rental checks from CSC between January 1, 1982, and October 31, 1984, at the rate established by Clause 26, coupled with Merrifield's failure to give clear, unqualified notice or demand to CSC to vacate at any time after December 31, 1981, was "sufferance" under Clause 26. Thus, Clause 26 was applicable during the holdover, CSC's payment of the rent established by Clause 26 during its holdover tenancy was correct, and Merrifield's claim for past due rent is denied. Merrifield's Petition to Rehear is denied accordingly.

3. Because of the Court's ruling on the sufferance issue above, the court is not required to decide and does not reach the statute of limitations issue asserted in CSC's motion.

4. The Court denies the Motion for Reconsideration and reaffirms its ruling as to the "pass-through damages" and repair costs. Merrifield is entitled to a verdict in the amount of $17,045.99 in stipulated "pass-through damages," plus $8,000 in repair costs, for the reasons set forth in the Court's October 24, 1988, Opinion Letter.

5. Although Merrifield's rental damages of $201,009.05, awarded under the Letter Opinion, have been denied upon reconsideration, the Court denies the Motion for Reconsideration of the award of attorney's fees and costs to Merrifield. The Court is of the opinion that the time spent by counsel for Merrifield was reasonable. Accordingly, Merrifield is entitled to judgment for $19,136.38 in attorney's fees and $6,966.51 in costs. CSC's letter request of February 28, 1989, for the Court to reverse this ruling, is denied.

6. Defendant CSC is entitled to an offset in the amount of $27,157.00 for its security deposit. This sum shall be applied as a credit in reduction of the damages awarded to Merrifield as set forth above.

7. Merrifield's damages total $51,148.88, from which total the $27,157.00 offset in favor of CSC must be subtracted. Accordingly, judgment should be and is hereby entered in favor of the plaintiff Merrifield Industrial Corporation against Computer Sciences Corporation for the sum of $23,991.88, plus interest at the statutory rate from May 3, 1988, until paid.

And this order is final.